UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAH-SHAN S CHERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01175-SEB-CSW |
| | ) | |
| DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motions for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Rah-Shan Cherry filed this action contending that he was denied necessary dental care while housed at New Castle Correctional Facility ("NCCF"). He sued dentist Dr. Davis, and Grievance Coordinator Melissa Rutledge. The defendants have each moved for summary judgment arguing that Mr. Cherry failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motions, are **GRANTED.**

**I.**
**Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, a way to resolve a case short of a trial. See Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute over any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id*.; *Pack v. Middlebury Comm. Schs*., 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id*.

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, see Fed. R. Civ. P. 56(c)(3); it need not "scour every inch of the record" for evidence that could be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## II.
## Motion to Dismiss Defendant Davis's Reply

After the summary judgment briefing was complete, Mr. Cherry filed a motion to dismiss defendant Davis's reply in which he presents continues to argue in opposition to the motions for summary judgment. That motion, dkt. [43], is **DENIED** because it provides no new evidence or argument to support his opposition to the summary judgment motions. In addition, the motion amounts to a surreply, which is allowed "only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response," which is not the case here. S.D. Ind. Local Rule 56-1(d).

### III. Factual Background

#### A. Mr. Cherry's Claims

Mr. Cherry alleges that he suffers from dental pain and discomfort and that Dr. Davis and Ms. Rutledge have failed to treat him for his pain.

#### B. The Grievance Process

The IDOC has a standardized Offender Grievance Process that was in place during the time Mr. Cherry alleges his rights were violated. Dkt. 29-1 at p. 2, ¶ 6 (Rutledge Aff.). Inmates are told about the Grievance Process after arriving in the IDOC and when they arrive at NCCF. *Id.* ¶ 8. The Grievance Process is also available in the law library and inmates can request a copy of it at any time. *Id.* Exhaustion of the Grievance Process requires an inmate to (1) file a formal grievance; (2) submit an appeal to the Warden/designee; and (3) appeal to the Department Offender Grievance Manager. *Id.* The appeal to the Department Offender Grievance Manager is to be filed within five business days for the Warden/designee's response. *Id.* at p. 18.

#### C. Mr. Cherry's Attempts at Exhaustion

On February 8, 2023, Mr. Cherry submitted Grievance #23-151511 stating that on February 2, 2023, he went to the dental office seeking treatment for a front tooth that was jagged and curved and a second front tooth that he had recently chipped. *Id.* at p. 3 ¶ 12, p. 26. He stated that the dentist fixed the second tooth but was unable to fix the first tooth which was still causing him discomfort. *Id.* For relief, Mr. Cherry asked that the tooth be fixed "ASAP." *Id.* This grievance was denied. *Id.* at p. 24. Mr. Cherry disagreed with the facility level response and filed an appeal, which he signed on March 28, 2023. *Id.* at 23. That same day, Mr. Cherry also checked the box on the appeal form that states "Disagree with facility appeal response. Send appeal to the Department Offender Grievance Manager." *Id.* The appeal was reviewed and responded to on April 4, 2023.

*Id.* His appeal was denied with the response that the facility could offer him no relief and that he would have to work with Centurion to address his issues or "take the next step in the process." *Id.* There is no record that Mr. Cherry appealed to the Department Offender Grievance Manager. *Id.* at 3 ¶ 12.

## IV. Discussion

The defendants argue that Mr. Cherry failed to exhaust his available administrative remedies against them because he did not complete the grievance process by filing a final appeal to the Department Offender Grievance Manager.

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted). "[A] prisoner need not exhaust 'where the relevant administrative

procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint.'" *Dowaun v. Wexford Health Sources, Inc.*, No. 21-2957, 2023 WL 5348345, at *2 (7th Cir. Aug. 21, 2023) (quoting *Booth v. Churner*, 532 U.S. 731, 736 (2001)).

The defendants argue that Mr. Cherry failed to exhaust his administrative remedies because he did not submit an appeal to the Department Grievance Manager. Mr. Cherry argues that he did take every step in the Grievance Process, pointing out that he signed the portion of the appeal form indicating that he disagreed with the facility appeal response. But that form was signed on March 28, 2023, *before* he received the facility-level response on April 4, 2023. *See* dkt. 37 at 5 (Cherry's exhibits in response to motions for summary judgment). Mr. Cherry does not designate evidence that he appealed *after* he received the Warden's response, which was provided on April 4. It is therefore undisputed that he did not submit an appeal of the Warden's response to the Department Grievance Manager as required by the Grievance Process. *See Dale*, 376 F.3d at 655. His vague and conclusory assertions that he took every step in the Grievance Process are not sufficient to overcome this conclusion. *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough.") (cleaned up). Because the defendants have shown that Mr. Cherry failed to exhaust his available administrative remedies before he filed this lawsuit, they are entitled to summary judgment.

## V. Conclusion

For the reasons stated above, the defendants' motions for summary judgment, dkt. [27] and dkt. [32], are **GRANTED**. Mr. Cherry's motion to dismiss defendant Davis's reply, dkt. [43], and

motion for a Pavey hearing, dkt. [48], are **DENIED**. Judgment consistent with this Order and the

Court's screening order, dkt. 15, shall now issue.

**IT IS SO ORDERED.**

Date: _____6/28/2024_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAH-SHAN S CHERRY
200722
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Sean Thomas Devenney
DREWRY SIMMONS VORNEHM, LLP (Carmel)
sdevenney@dsvlaw.com

Melanie A. Kalmbach
DREWRY SIMMONS VORNEHM, LLP (Carmel)
mkalmbach@dsvlaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com